|     |     |     |
| --- | --- | --- |
| 1   |     |     |
| ... |     |     |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RICKY B. PAUGH, | 1:09-cv-00394-WMW (HC) |
| --- | --- |
| Petitioner, | ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA |
| vs. | |
| ROBERT J. HERNANDEZ, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, the petitioner is challenging a conviction from San Diego County, which is in the Southern District of California. Therefore, the petition should have been filed in the United States

-1-

-2-

1  District Court for the Souther  District of California.  In the interest of justice, a federal court may
2  transfer a case filed in the wrong district to the correct district.  <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v.</u>
3  <u>McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).
4         Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
5  District Court for the Southern  District of California.

7  IT IS SO ORDERED.
8  **Dated:   March 5, 2009**                             /s/  **William M. Wunderlich**
                                                  UNITED STATES MAGISTRATE JUDGE