# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY B PAUGH,<br><br>                    Petitioner,<br>vs.<br><br>GEORGE A. NEOTTI,<br><br>                    Respondent. | CASE NO. 09-CV-490 JLS (JMA)<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION, (2) DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND (3) DENYING CERTIFICATE OF APPEALABILITY**<br><br>(Doc. No. 15) |

      Presently before the Court is Petitioner Ricky B. Paugh's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and Magistrate Judge Jan M. Adler's Report and Recommendation ("R&R") advising this Court to deny the petition. (Doc. Nos. 1 & 14.)

      Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth the duties of a district court in connection with a magistrate judge's report and recommendation. "The district court must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. 636(b)(1)(c); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989); *United States v. Raddatz*, 447 U.S. 667, 676 (1980). However, in the absence of timely objection, the Court need "only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

In this case, Petitioner has failed to timely file objections to Magistrate Judge Adler's R&R. Having reviewed the R&R, the Court finds that it is thorough, well reasoned, and no contains no clear error. Therefore, the Court **ADOPTS** the R&R in full and **DENIES** the petition **WITH PREJUDICE**.

Finally, this Court is under an obligation to determine whether a certificate of appealability should issue in this matter. A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court must either (1) grant the certificate of appealability indicating which issues satisfy the required showing or (2) state why a certificate should not issue. Fed. R. App. P. 22(b).

This petition raised one legal issue: whether the Petitioner's trial counsel was ineffective. He argues that she was ineffective for not telling him that the trial court could impose a greater sentence than the one indicated at the time of his plea and that she was ineffective for failing to advise him that his guilty plea could be withdrawn following the imposition of the greater sentence. These legal questions do not merit a certificate of appealability. Reasonable jurists would agree that the California Court of Appeal's denial of Petitioner's claim was neither contrary to nor an unreasonable application of clearly established federal law. Accordingly, no certificate of appealability should issue.

IT IS SO ORDERED.

DATED: May 17, 2010

Honorable Janis L. Sammartino
United States District Judge